# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

HOFER, INC.,

      Plaintiff,

v.                                 CASE NO.  4:13cv449-RH/CAS

FIDELITY AND DEPOSIT
COMPANY OF MARYLAND,

      Defendant.

_____/

## ORDER SETTING PROCEDURES ON THE
## MOTION TO STAY PENDING ARBITRATION

This case arises from the construction of an apartment complex.  The project
owner is Tallahassee Properties I, LLC ("Tallahassee Properties").  The general
contractor is Apex Construction Services, LLC ("Apex").  The relevant
subcontractor is Hofer, Inc. ("Hofer").  Fidelity and Deposit Company of Maryland
("Fidelity") issued a conditional payment bond.

A dispute has arisen between Apex and Hofer.  Hofer says it performed as
required by the subcontract but that Apex has failed to pay the full amount due.
Apex says Hofer's performance was deficient.  The subcontract includes an

arbitration clause. Apex demanded arbitration. The arbitration proceeding is going forward.

Before Apex demanded arbitration, Hofer filed this lawsuit against Fidelity. The conditional surety bond does not include an arbitration clause. Nor does the bond incorporate by reference the subcontract's arbitration clause. So Hofer is not obligated to arbitrate with Fidelity.

Fidelity has moved to stay this lawsuit until resolution of the arbitration proceeding between Hofer and Apex. Courts have disagreed on whether a stay in similar circumstances is mandatory. *Compare, e.g.*, *AgGrow Oils, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 242 F.3d 777, 782 (8th Cir. 2001) (holding a stay discretionary, not mandatory), *and IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524, 530 (7th Cir. 1996) (same), *with, e.g.*, *Contracting NW, Inc. v. City of Fredericksburg, Iowa*, 713 F.2d 382, 386-87 (8th Cir. 1983) (holding that Federal Arbitration Act § 3 authorizes a stay of "*any* suit" based upon "*any* issue referable to arbitration," even if the parties in the suit did not agree to arbitrate) (emphasis by the Eighth Circuit), *and Am. Home Assurance Co. v. Vecco Concrete Constr. Co.*, 629 F.2d 961, 963-64 (4th Cir. 1980) (holding that § 3 required a stay over a third-party claim based on "considerations of judicial economy and avoidance of confusion and possible inconsistent results").

At the very least, a stay may be entered as a matter of discretion. *See Klay v. All Defendants*, 389 F.3d 1191, 1203 (11th Cir. 2004) (citing cases). Courts generally apply a "heavy presumption" that litigation and arbitration can proceed jointly, at least over nonarbitrable claims. *See id.* at 1204 (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 225 (1985) (White, J., concurring)). But if arbitrable claims predominate over nonarbitrable ones, or if arbitrable issues are crucial for the determination of nonarbitrable claims, a court has the discretion to stay the litigation. *See id.*

Fidelity's obligation to Hofer extends no further than Apex's obligation; if Apex is not liable to Hofer, neither is Fidelity. Because Apex and Hofer agreed to arbitrate disputes under the subcontract, it makes sense for the dispute over whether Apex is liable to Hofer to be determined in the ongoing arbitration proceeding. Resolution of that issue between Hofer and Fidelity should await the outcome of the arbitration proceeding, so long as each side will be bound by the arbitration result.

But Apex's liability to Hofer is not the only issue in this litigation. Even if *Apex* is liable to Hofer, that does not necessarily mean that *Fidelity* is liable to Hofer. By its terms, Fidelity's conditional surety bond obligates Fidelity to pay Hofer only "to the extent [Apex] has been paid for the labor, services, or materials provided by" Hofer. Conditional Payment Bond, ECF No. 8-1 at 1 (capitalization

omitted).  Nothing in this record suggests that whether Apex has been paid for Hofer's work will be an issue in the arbitration proceeding.  Accordingly, there is no reason to stay litigation of any dispute over whether Apex has been paid for Hofer's work.

For these reasons,

IT IS ORDERED:

Fidelity must file by January 24, 2014, a supplemental memorandum in support of its motion to stay.  The memorandum must state unequivocally (a) whether Fidelity admits that it will be bound by any final determination in the arbitration proceeding of the amount Apex owes Hofer, and (b) whether Fidelity admits that it will be liable for any amount so determined.

SO ORDERED on December 31, 2013.

s/Robert L. Hinkle
United States District Judge