IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HOFER, INC.,

     Plaintiff,

v.                                             CASE NO. 4:13cv449-RH/CAS

FIDELITY AND DEPOSIT
COMPANY OF MARYLAND,

     Defendant.

_____/

**ORDER STAYING PROCEEDINGS PENDING ARBITRATION**

     This case arises from the construction of an apartment complex. The project owner is Tallahassee Properties I, LLC ("Tallahassee Properties"). The general contractor is Apex Construction Services, LLC ("Apex"). The relevant subcontractor is Hofer, Inc. ("Hofer"). Fidelity and Deposit Company of Maryland ("Fidelity") issued a conditional payment bond.

     A dispute has arisen between Apex and Hofer. Hofer says it performed as required by the subcontract but that Apex has failed to pay the full amount due. Apex says Hofer's performance was deficient. The subcontract includes an arbitration clause. Apex demanded arbitration. The arbitration proceeding is going forward.

Before Apex demanded arbitration, Hofer filed this lawsuit against Fidelity. The conditional payment bond does not include an arbitration clause. Nor does the bond incorporate by reference the subcontract's arbitration clause. So Hofer is not obligated to arbitrate with Fidelity.

Fidelity has moved to stay this lawsuit until resolution of the arbitration proceeding between Hofer and Apex. Courts have disagreed on whether a stay in similar circumstances is mandatory. *Compare, e.g.*, *AgGrow Oils, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 242 F.3d 777, 782 (8th Cir. 2001) (holding a stay discretionary, not mandatory), *and IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524, 530 (7th Cir. 1996) (same), *with, e.g.*, *Contracting NW, Inc. v. City of Fredericksburg, Iowa*, 713 F.2d 382, 386-87 (8th Cir. 1983) (holding that Federal Arbitration Act § 3 authorizes a stay of "*any* suit" based upon "*any* issue referable to arbitration," even if the parties in the suit did not agree to arbitrate) (emphasis by the Eighth Circuit), *and Am. Home Assurance Co. v. Vecco Concrete Constr. Co.*, 629 F.2d 961, 963-64 (4th Cir. 1980) (holding that § 3 required a stay over a third-party claim based on "considerations of judicial economy and avoidance of confusion and possible inconsistent results").

At the very least, a stay may be entered as a matter of discretion. *See Klay v. All Defendants*, 389 F.3d 1191, 1203 (11th Cir. 2004) (citing cases). Courts generally apply a "heavy presumption" that litigation and arbitration can proceed

jointly, at least over nonarbitrable claims. *See id.* at 1204 (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 225 (1985) (White, J., concurring)). But if arbitrable claims predominate over nonarbitrable ones, or if arbitrable issues are crucial for the determination of nonarbitrable claims, a court has the discretion to stay the litigation. *See id.*

Fidelity's obligation to Hofer extends no further than Apex's obligation; if Apex is not liable to Hofer, neither is Fidelity. Because Apex and Hofer agreed to arbitrate disputes under the subcontract, it makes sense for the dispute over whether Apex is liable to Hofer to be determined in the ongoing arbitration proceeding. Indeed, the award in the arbitration proceeding may resolve the issue, even as between Hofer and Fidelity.

Hofer says that this litigation should nonetheless go forward. Two grounds raised by Hofer warrant discussion.

First, by its terms, Fidelity's conditional payment bond obligates Fidelity to pay Hofer only "to the extent [Apex] has been paid for the labor, services, or materials provided by" Hofer. Conditional Payment Bond, ECF No. 8-1 at 1 (capitalization omitted). Nothing in this record suggests that whether Apex has been paid for Hofer's work will be an issue in the arbitration proceeding. But Fidelity now has said—both in a filing in response to an order raising the issue and on the record of a hearing on February 13, 2014—that Fidelity does not assert a

defense to Hofer's claims based on this clause. So the dispositive issue on Hofer's claims against Fidelity is whether Apex has failed to pay Hofer amounts due under the subcontract. That is precisely the issue in the ongoing arbitration proceeding.

Second, Hofer says the arbitration proceeding will be less expeditious and reliable than litigation. Hofer says the arbitration proceeding involves other projects, not just the one at issue here, and that this will unnecessarily complicate and delay the arbitration proceeding. Hofer also says discovery and subpoenas may be limited in the arbitration proceeding. The answer is that Hofer agreed to arbitrate with Apex, the principal adversary on the dispute arising from the project, and that the agreement to arbitrate brings with it the disadvantages, as well as the perceived advantages, of arbitration. Hofer did not agree to arbitrate *with Fidelity*, but resolution of any remaining dispute with Fidelity should await resolution of the underlying dispute with Apex—a dispute that, for better or worse, Hofer agreed to resolve through arbitration.

For these reasons and those set out on the record of the hearing of February 13, 2014,

IT IS ORDERED:

The defendant's motion to stay pending arbitration, ECF No. 5, is GRANTED. All proceedings in this court are stayed pending arbitration. The parties must file a joint report by the last day of each January and July while the

stay remains in effect, beginning with January 2015, briefly setting out the status of the arbitration proceeding. The report must be submitted jointly but may be filed by one side with the consent of the other side.

    SO ORDERED on February 16, 2014.

                                             s/Robert L. Hinkle
                                             United States District Judge